The opinion of the Court ivas delivered by

Mr. Justice Nott.

Every deed for the transfer of land must contain some description, sufficiently certain to let it- be known what is intended to be conveyed. Land may be so described by metes and bounds as to control the number of acres; or it may be so-described by name or character that the metes and bounds will be unnecessary, and so that the number of acres mentioned may be considered only as a part of the description; or the quantity may be expressly warranted. But in every case, we must look to the whole description, and that part which .is the most certain must prevail. Now the question is, whether the warranty in the present case extends to the quantity of land sold, or to a well known plantation in gross, without, regard to the number of acres. It is described as “ all that plantation or tract of land, situate, lying and being in Christ Church Parish, about eight miles from Hibben’s ferry, now in the occupation of the said A. V. Toomer.” If it had stopped here, there can be no doubt but that the description would have been sufficiently certain, and there can be as little doubt that the warranty would not have extended to any particular quantity. Nor can the addition of the other words make any difference; the words are£- containing- nine hundred and eighty-six acres, be the same more or less,” and what is that more than to say, ££ all that plantation whereon the said A. V. Toomer now resides, whatever may be the number of acres.” The plantation was well known to the defendant, for he was then in the occupation of it, and probably knew with sufficient certainty the number of acres that it contained, or at least of all that was of sufficient value to enter into the consideration of the purchase.
*292 , It is thought that this opinion conflicts with the decisions' Ivhich have already been made in this court on the subject. "But [think'it will be found that they all steer clear of the question now before us. The first is the,case of Gray and the Executors of Handkinson, 1 Bay, 278. In that case a plat was exhibited at the time pf the sale, representing a mill seat as belonging to the land, which it appeared was the principal object of the purchase. The court allowed the defence, on the ground af misrepresentation, by which the purchaser had been deceived and the great object of his purchase entirely defeated. Thenext was the case of the State, vs. Gaillard, 2 Bay, p. 11, which was decided precise!}' upon the same principles. The court say “ whenever there is a failure of consideration, a misrepresentation or concealment of material circumstances, it will vitiate the contract in toto, or entitle the party injured to such seasonable abatement in the price of the thing sold, as will compensate him for the misrepresentation.” In the case of Sumpter and Welch, 2 Bay, 558, the plaintiff had warranted a certain number’of acres. Upon a resurvey there was found to be a considerable deficiency, for which it was held that the de fendant was entitled to a deduction. In the case of Adams and Wilie, (1 Nott & M'Cord, 78,) there was not only a misrepresentation at the time of the sale, but the land was so described in the deed as to admit of no other construction but that the warranty extended to the precise number of acres. The case of Tunno, and Fludd, 1st M'Cord, 121, is the last that I shall notice. In that case a plat of resurvey was exhibited, representing a tract of land embraced within certain lines of an ascertained length and containing a certain number of acres.. Upon a resurvey it was foundjhaU.he surveyor had made a mistake in some of the lines, by which the purchaser had been actually deceived in the quantity of land which he supposed he Jiad bought. This is the case which it is said runs on all fours with the case now under consideration. But where is the analogy? In the first, the purchaser had bought a tract of land by specified metes and bounds. The evidence by which he might-.ascertain the quantity was laid before bim. Any person, who *293 Could multiply two lines together and divide the product by the number of 'square feet in a square acre could have calculated the number of acres. But the evidence itself was delusive, and when he discovered the mistake, (I will not call it fraud, because I presume it Was unintentional) the courts held that he was entitled to redress.
It is said that the words “more or less,” mean nothing more than the mere fragments that may happen to be over or under a specified number of acres. It is true that sometimes they mean but little; at other times they mean nothing. But they may mean much or little, according to the other words oí description with which they are associated. Thus if a person should sell a lot of land in Charleston, described as “apara-lellogram measuring two hundred feet on Broad-street, and one hundred feet on Meeting-street, containing twenty thousand square feet, more or less;” those words would have no meaning, because the dimensions being given and the quantity correctly stated, the result would he precisely the same even if those words were omitted. But suppose such a lot had been represented as containing ten thousand or thirty thousand square feet, then the}' would serve to remove the ambiguity, and to show that the land contained within those lines and that only was to be conveyed, whatever the quantity might be. But ■suppose upon actual survey the line on Broad-street should be found to be but one hundred feet long, and that upon Meeting street only fifty feet, the words “more or less” could not screen the seller from liability for the deficiency; and such was the case ofTunno andFludd. But suppose a-person to sell to A. B. the lot in Charleston' “at the corner of Broad and Meeting-streets, whereon the said A. B. now lives, containing twenty thousand square feet, more or less,” I apprehend the pur-phaser could have no recourse to the seller, if there should happen to be a deficiency in the number of square feet; and such I consider to be the case now under, consideration. There was no misrepresentation or deception; the defendant purchased the plantation . on which he was then living, and with which he must be presumed to have been well acquainted, for which he *294 promised to pay a gross sum, whatever the number of acres might be, more or less. Iam of opinion therefore, that he is not entitled to any deduction, and that a new trial ought to be granted.
Cohock, and Johnson} Justices, concurred»